# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOVAN POWELL | : | |
| Petitioner | : | |
| v | : | Civil Action No. CCB-10-251 |
| | | (Related Crim. Case CCB-97-365) |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

o0o

## **MEMORANDUM**

The above-captioned motion to vacate was filed on February 1, 2010. Paper No. 615. Petitioner, whose sentence was reduced pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines, seeks a further reduction of his sentence based on the manifest injustice of the disparity between penalties for cocaine and cocaine base. *Id*.

Petitioner filed a motion to vacate on August 2, 2004, which was dismissed on April 29, 2005. Papers No. 476, 503 and 504. The instant motion is the second motion to vacate filed by petitioner; therefore, it may not be considered absent leave to do so from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. §2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals.

His assertion that because he was entitled to sentence reduction he need not comply with prefiling authorization requirements is not correct. Consequently, this court may not consider the merits of his claim unless and until he receives such certification.[1]

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. The court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims. Since petitioner has failed to comply with the procedural requirements for a successive petition, the motion will be dismissed without prejudice by separate order.


February 23, 2010                       _____/s/_____
Date                                                    Catherine C. Blake
                                                           United States District Judge

---

[1] The court notes that legislation now pending in Congress may reduce or eliminate the sentencing disparity between crack and powder cocaine. See, e.g. Fair Sentencing Act of 2009, S. 1789, 111th Congress (2009); The Fairness in Cocaine Sentencing Act of 2009, H.R. 111th Congress (2009). The court, however, does not know when or if this legislation will pass, or whether any revisions to sentencing disparity will apply retroactively.